UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 23-cv-4173 |
| SHARA MILLER, | ) ) ) |
| Defendant. | ) ) |

**MERIT REVIEW ORDER – AMENDED COMPLAINT**

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 11).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 12). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to

1

"state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff names Shara Miller, a Security Therapy Aid, as the sole Defendant. Plaintiff did not name S. Demaree or Holler as Defendants in his Amended Complaint. Therefore, Defendants Demaree and Holler are dismissed without prejudice.

Plaintiff alleges that between August and September, he mailed over fifty letters to federal, state, and local elected officials to share his questions, concerns, and grievances with lawmakers. Plaintiff does not indicate what year this allegedly occurred; however, based on exhibits attached to Plaintiff's prior Complaint, it appears that the alleged mail tampering occurred in 2023. Plaintiff alleges that Defendant Miller, who was hired as a Security Therapy Aid, is not qualified to handle residents' legal or personal mail. Plaintiff claims that Defendant Miller tampered with his mail in violation of his right to free speech under the First Amendment because she charged him over $50.00 for postage and photocopies and never sent his letters. Plaintiff alleges Defendant Miller shredded every outgoing letter.

Plaintiff has a First Amendment right to send and receive mail. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999); *Thornburgh v. Abbott*, 490 U.S. 401, 424-25 (1989); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (interference with mail violates right to free speech and association). Plaintiff states enough at this juncture to proceed on a First Amendment claim against Defendant Miller for the alleged interference with his mail.

If Plaintiff was incorrectly charged for postage, he has not shown facts sufficient to state a constitutional violation. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law ...." Plaintiff has a property interest in money he has in an intuitional account. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). However, the amendment requires a loss of property *without due process*, and Plaintiff's allegations do not plausibly demonstrate that that he is without due process of law for his alleged loss. *See Elizarri v. Sheriff of Cook Cnty.*, 901 F.3d 787, 789 (7th Cir. 2018) ("[A] guard's negligent loss of belongings, while potentially tortious under state law, does not violate the Constitution.").

**IT IS THEREFORE ORDERED:**

1. According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a First Amendment claim against Defendant Miller for allegedly interfering with Plaintiff's outgoing mail. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. Defendants S. Demaree and Holler are DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE S. Demaree and Holler.

3. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [12] is GRANTED.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED:  3/22/2024

                                                                s/ James E. Shadid
                                                                James E. Shadid
                                                                United States District Judge