E-FILED
Tuesday, 15 July, 2025  04:06:59 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

WILLIAM NELSON,
    Plaintiff,

v.

SARAH MILLER,
    Defendant.

Case No. 4:23-cv-04173-JEH

## Order

Plaintiff William Nelson, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendant Sarah Miller violated his First Amendment rights by allegedly interfering with his mail at the Rushville Treatment and Detention Facility. (Doc. 11). This matter is now before the Court on Defendant's Motion for Sanctions pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). (Doc. 24). For the reasons stated below, Defendant's Motion is GRANTED.

## I

On December 17, 2024, the Court entered a Scheduling Order requiring Plaintiff to provide Defendant with his initial disclosures within thirty days. (Doc. 21 at ¶ 5). Plaintiff did not comply. As a result, Defendant filed a Motion to Compel on May 9, 2025, asking the Court to order Plaintiff to provide his initial disclosures within fourteen days. (Doc. 23). Plaintiff did not file a response to Defendant's Motion. On May 12, 2025, the Court granted Defendant's Motion and stated that Plaintiff's failure to provide his initial disclosures by May 27, 2025, would result in the dismissal of this case with prejudice. (d/e 05/12/25). On June 17, 2025, Defendant filed a Motion for Sanctions asking the Court to dismiss this case with

prejudice because Plaintiff still had not provided his initial disclosures. (Doc. 24). Plaintiff's response to Defendant's Motion was due by July 1, 2025, but no response was filed.

## II

A complaint may be dismissed as a sanction under Rule 37(b) if a party "fails to obey an order to provide or permit discovery." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (internal citations omitted); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is appropriate if the court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances. *See Watkins*, 405 F. App'x at 44; *see also Williams v. Wahner*, 714 F. App'x 601 (7th Cir. 2018) (upholding district court's dismissal of case for plaintiff's failure to respond to discovery). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal … would be an excessively severe sanction." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

Additionally, Rule 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Seventh Circuit explained, "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the order and expeditious disposition of cases." *3 Penny Theater v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal citations omitted).

2

### III

Plaintiff has failed to maintain any meaningful involvement in his case, which has been at a standstill for months due to his failure to provide his initial disclosures and comply with the Court's Orders. Plaintiff's initial disclosures are now six months overdue. Plaintiff has made no effort to provide any explanation to the Court for the delay in complying with his discovery obligations and did not respond to Defendant's Motion for Sanctions. This failure is more than inadvertent, isolated, or careless and has caused serious inconvenience to the Defendant. *See Crown Life Ins. Co.*, 995 F.2d at 1382. As a result, the Court finds that Plaintiff has displayed willfulness, bad faith, and conduct sanctionable under Rule 37(b)(2)(A)(v). The only appropriate sanction for Plaintiff's conduct is a dismissal of this case. Therefore, Defendant's Motion for Sanctions is GRANTED. This case is DISMISSED WITH PREJUDICE.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Sanctions [24] is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Clerk is directed to enter judgment and close this case.

2) If Plaintiff wishes to appeal this judgment, he must file a Notice of Appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

3) To proceed *in forma pauperis* on appeal, Plaintiff must file a Motion for Leave to Proceed on Appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the

issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: July 15, 2025

s/Jonathan E. Hawley
U.S. District Judge